2010-17611
FILED
March 09, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003329443

**7**

1  MARK L. POPE  #182769
   Assistant United States Trustee
2  GREGORY S. POWELL #182199
   ROBIN TUBESING #26680-49 [Indiana]
3  United States Department of Justice
   Office of the United States Trustee
4  2500 Tulare Street, Suite 1401
   Fresno, California 93721
5  Telephone: (559) 487-5002
   Telecopier: (559) 487-5030
6
7  Attorneys for August B. Landis,
   Acting United States Trustee
8
9              UNITED STATES BANKRUPTCY COURT
10             EASTERN DISTRICT OF CALIFORNIA
11                   FRESNO DIVISION

12  In re:                      )   Case No. 10-17611-A-13
                                )   Chapter 13
13  JESUS ESTRELLA,             )   DC No. UST-2
                                )
14                              )   Date:   February 24, 2011
                                )   Time:   9:00 a.m.
15                              )   Place:  U.S. Bankruptcy Court
                   Debtor.      )           1300 18TH Street, Suite A
16                              )           Bakersfield, California
                                )           Judge: Whitney Rimel
17  _____)

18        **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
      UNITED STATES TRUSTEE'S MOTION FOR AN ORDER IMPOSING A FINE
19      AND DISGORGEMENT PURSUANT TO 11 U.S.C. § 110(l) OR, IN THE
       ALTERNATIVE, FOR REVIEW OF FEES PURSUANT TO 11 U.S.C. § 329.**

20
21        On February 24, 2011, the Court considered the United States Trustee's Motion for An

22  Order Imposing a Fine and Disgorgement Pursuant to 11 U.S.C. § 110(l) Or, in the

23  Alternative, for Review of Fees Pursuant to 11 U.S.C. § 329.   Mark L. Pope, Esq. appeared

24  for the United States Trustee.  Having reviewed the pleadings and considered the arguments of

25  the parties and the testimony of Jesus Estrella, the Court now issues the following findings of

26  fact and conclusions of law.

27  //

28  //

                              - 1 -

RECEIVED
March 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003329443

**Findings of Fact**

1.  On July 7, 2010, Jesus Estrella ("the Debtor") filed a skeletal, voluntary petition under chapter 13.

2.  There was no disclosure of attorney or petition preparer compensation filed in the case as required by 11 U.S.C. 110(h)(2)(A).

3.  On July 19, 2010, the Court granted the United States Trustee's Ex Parte Application For Retaining Jurisdiction over any action under 11 U.S.C. §§ 110, 329, and 526, in the event the case was dismissed.

4.  On July 26, 2010, the Court ordered the case dismissed for failure to file documents and on September 7, 2010 the case was closed.

5.  On November 23, 2010, the Court granted the United States Trustee's Motion to Reopen Case.

6.  In 2009, the Debtor, who speaks only Spanish, asked R.E.S.P.A Advisors ("the Preparer") for assistance in obtaining a loan modification.  He paid it $1,500 by check dated May 1, 2009.

7.  On May 4, 2009, the Debtor's May 1, 2009 check was returned for insufficient funds.

8.  On or about May 7, 2009, in partial re-payment of the returned check, the Debtor paid the Preparer $1,000 in cash.

9.  On July 6, 2009 the Preparer prepared the Debtor's bankruptcy petition in this case which contained the following information:

- The Debtor's name

- the last four digits of the Debtor's social security number

- the Debtor's address

- a check indicating an Individual debtor

- a check indicating a chapter 13 case

- a check indicating the Debtor's debts are primarily consumer debts

- a check indicating the full filing fee is attached

- a check indicating 1-49 estimated creditors

- a check indicating $500,001 to $1 million in estimated assets

- a check indicating $500,001 to $1 million in estimated liabilities  5.

10.  Also on July 6, 2009, the Preparer transmitted a facsimile copy of the petition to the Debtor and instructed him to file the petition with the bankruptcy court in Fresno to stop the foreclosure on his house.

11.  On September 15, 2009, the Debtor paid the Preparer $1,500 by check.

12.  On October 28, 2009, the Debtor paid the Preparer $1,000 by check.

13.  On November 18, 2009, the Debtor paid the Preparer $1,00 by depositing that amount into the Preparer's bank account.

### Conclusions of Law

14.  The United States Trustee is statutorily obligated to monitor the administration of cases commenced under chapter 7, 11, 12 and 13 of the Bankruptcy Code.  28 U.S.C. § 586(a)(3).  The United States Trustee has standing to raise, and to appear and be heard on, any issue in any bankruptcy case or proceeding.  11 U.S.C. § 307.   The United States Trustee may file a motion for an order imposing a fine on a bankruptcy petition preparer for any violation of section 110 of the Bankruptcy Code.  11 U.S.C. § 110(l)(3).

15.  The Preparer is a bankruptcy petition preparer.  Section 110 of the Bankruptcy Code provides in relevant part:

> (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney, under the direct supervision of such attorney, who prepares for compensation a document for filing; and
> (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States District court in connection with a case under this title.

11 U.S.C. § 110(a)(1) and (2).

16.  The Preparer is not an attorney and there is no indication it prepared the Debtor's

petition in this case under the direct supervision of an attorney  The Preparer  prepared the petition for a fee for filing with the Court in this case.   It was paid $4,500 for its petition preparer services.

17.  The Preparer will be fined.   Section 110 of the Bankruptcy Code provides in relevant part:

> (l)(1) A bankruptcy petition preparer who fails to comply with any provision of subsection(b),(c),(d),(e),(f),(g) or (h) may be fined not more than $500 for each such failure.

11 U.S.C. § 110(l)(1).

The Preparer failed to comply with subsections (b), (c), (e), and (h) of Section 110, as described below, and will be fined for each such failure.

18.  Section 110 of the Bankruptcy Code provides in relevant part:

> (b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.  If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to  -
> (A) sign the document for filing; and
> (B) print on the document the name and address of that officer, principal, responsible person, or partner.

11 U.S.C. § 110(b)(1)(A)-(B).

The Preparer did not sign or print the name of its officer, principal, responsible person or partner on the petition it prepared for filing with the court. The petition has a signature block which calls for a Non-attorney Petition Preparer to print their name and address, place their Social Security number and sign as required by 11 U.S.C. § 110.  The pre-printed signature block on the petition includes bold print language that specifically references 11 U.S.C. § 110.

19.  Therefore, the Preparer's failure to complete the signature blocks as a Non-attorney Petition Preparer in this case can only be seen as wilful.   The Preparer will be fined $500 for failing to sign and print its name and address on the petition.

20.  Section 110 of the Bankruptcy Code provides in relevant part:

> (c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies the individuals who prepared the document.

- 4 -

(c)(2)(A) . . . [F]or purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security number of each individual who prepared the document or assisted in its preparation.

(c)(2)(B) If a bankruptcy petition preparer is not an individual, the identity number of the bankruptcy petition preparer shall be the Social Security account number of the bank officer, principal, responsible person, or partner of the bankruptcy petition preparer.

11 U.S.C. §§ 110(c)(1) and (2)(A)-(B).

The Preparer failed to place the Social Security number of its officer, principal, responsible person or partner on the petition.  It will be fined $500 for failing to do so.

21.  Section 110 of the Bankruptcy Code provides in relevant part:

(b)(2)(A) Before preparing any document for filing or accepting any fees from a debtor, a bankruptcy petition preparer shall provide the debtor a written notice which shall be written on an official form prescribed by the Judicial Conference of the United States . . .

(B) The notice under subparagraph (A) -
(i) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice;
(ii) may contain a description of examples of legal advice that a bankruptcy petition preparer is not authorized to give . . .; and
(iii) shall-
(I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and
(II) be filed with any document for filing.

11 U.S.C. §§ 110(c)(2)(A) and (B).

The Judicial Conference of the United States has prescribed an Official Form to allow a bankruptcy petition preparer to provide the referenced notice i.e., Official Form 19 - Declaration and Signature of Non-Attorney Petition Preparer.   The Preparer did not provide the Debtor with such a notice and it was not filed with the court.  The Preparer will be fined $500 for such failure.

22.  Section 110 of the Bankruptcy Code provides in relevant part:

(e)(2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice describe in subparagraph (B).
(B) The legal advice referred to in subparagraph (A) includes advising the debtor . . .(vii) concerning bankruptcy procedure and rights.

11 U.S.C. § 110(e)(2)(A).

The Preparer gave the Debtor legal advice on bankruptcy rights and procedures including how to file a chapter 13 petition to stop the foreclosure on his house.  The Preparer will be fined

- 5 -

1    $500 for providing legal advice to the Debtor.

2         23.  Section 110 of the Bankruptcy Code provides in relevant part:

3         (h)(2)(A) A declaration under penalty of perjury by the bankruptcy petition preparer
              shall be filed together with the petition, disclosing any fee received from or
4             on behalf of the debtor within 12 months immediately prior to the filing of
              the case . . . .

5    11 U.S.C. § 110(h)(2)(A).

6    The Preparer failed to file a declaration disclosing any of the $4,500 fee it received from

7    Debtor for preparing the bankruptcy documents.  It will be fined $500.

8         24.  Section 110 of the Bankruptcy Code provides in relevant part:

9

10        (h)(3)(A) The Court shall disallow and order the immediate turnover to the bankruptcy
              trustee any fee referred to in paragraph 2 found to be in excess of the value of
              the services -
11                (i) rendered by the bankruptcy petition preparer during the 12-month
                  period immediately preceding the filing of the petition . . .
12        (h)(3)(B) All fees charged by a bankruptcy petition preparer may be forfeited in any
              case in which the bankruptcy petition preparer fails to comply with this
13            subsection or subsections (b), (c), (d), (e), (f), or (g).

14   11 U.S.C. §§ 110(h)(2)(A).

15   The Preparer failed to comply with subsections (b), (c), (e), and (h).  Therefore, its $4,500 fee

16   shall be ordered forfeited and returned to the Debtor.  In the alternative, the fee of $4,500

17   which the Preparer received exceeds this Court's Guidelines to Petition Preparers in Eastern

18   District of California Cases ("Guidelines") which provide in pertinent part:

19        The fee paid by the debtor to a bankruptcy petition preparer for typing and filing a
              bankruptcy petition may not exceed $125.00 including expenses (such as photocopies,
20            postage, telephone charges and courier services).

21   Guidelines, para. 2.

22   The entire fee of $4,500 will be ordered disgorged to the Debtor.

23        25.  Section 110 of the Bankruptcy Code provides in relevant part:

24        (l)(2) The court shall triple the amount of a fine assessed under paragraph (1) in any
              case in which the court finds that a bankruptcy petition preparer . . . .
25        (D) prepared a document for filing in a manner that failed to disclose the identity
              of the petition preparer.
26   11 U.S.C. § 110(l)(2)(D).

27

28

1  The Preparer prepared the Debtors' petition in a manner that failed to disclose the Preparer's

2  identity.  It will be fined in the total amount of $2,500, as set forth above, and that amount,

3  shall be tripled to $7,500.  The fine shall be paid to the United States Trustee.  11 U.S.C. §

4  110(l)(4)(A).

5  ### Conclusion

6  For the foregoing reasons, the Court concludes the following relief should be granted:

7  1.   The Preparer will be ordered to disgorge its fee of $4,500 to Jesus Estrella and

8  provide proof thereof to the United States Trustee  within 30 days from the date of this Order;

9  and;

10  2.  The Preparer will be fined in the amount of $7,500 payable to the United States

11  Trustee within 30 days from the date of this Order

12  A separate order shall be entered.

13

14

15

16

17

18

19

Dated:

Mar 09, 2011

United States Bankruptcy Judge

24

25

26

27

28

- 7 -